# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURENCE LOVEJOY, #N52404, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 19−cv–00016−SMY |
| | ) |
| JACQUELINE LASHBROOK, | ) |
| KIMBERLY BUTLER, | ) |
| JOHN BALDWIN, | ) |
| ANTHONY WILLS, | ) |
| DOUG LYERLA, | ) |
| M. PRICE, | ) |
| H. PRICE, | ) |
| KELLY PIERCE, | ) |
| LARISSA WANDRO, | ) |
| LORI OAKLEY, | ) |
| LINDSAY, | ) |
| GAIL WALLS, | ) |
| ANGELA CRAIN, | ) |
| SKIDOMORE, | ) |
| J. TROST, | ) |
| SIDDIQUI, | ) |
| RITZ, | ) |
| WEXFORD HEALTH SOURCE, INC., | ) |
| M. MOLDENHAUER, | ) |
| and SHERRY BENTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Laurence Lovejoy, an inmate of the Illinois Department of Corrections ("IDOC") currently incarcerated at Menard Correctional Center ("Menard"), brings this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that he has been denied adequate medical treatment

1

for his chronic migraine headaches at Menard. (Doc. 11, pp. 1-161). He seeks declaratory and injunctive relief.[1] (Doc. 11, p. 11).

The First Amended Complaint is now before the Court for preliminary review under 28 U.S.C. § 1915A, which requires the Court to screen prisoner Complaints to filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the First Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## First Amended Complaint

Plaintiff makes the following allegations in the First Amended Complaint: Plaintiff suffers from debilitating migraine headaches. (Doc. 11, pp. 11-16). The pain is so intense that Plaintiff is unable to read, write, or leave his cell to eat for several days at a time when the migraines occur. For three years, Menard's medical staff has treated his migraines with ibuprofen (600 milligrams). Plaintiff has repeatedly complained that ibuprofen is ineffective, and has requested Tylenol-3 and a referral to a specialist instead. (*Id.*). Doctor Siddiqui, Doctor Ritz, and Wexford will not consider his request until he completes a 3-month trial of Sumatriptan,[2] Inderol,[3] or another medication recommended by the collegial review board. (*See, e.g.*, Doc. 11, pp. 25, 32-33, 48-49, 57-59, 66-

---

[1] Plaintiff's request for preliminary injunctive relief was denied as unrelated to this case. (Docs. 4 and 6). If he requires interim relief in connection with his migraine headaches, Plaintiff may file a new motion for preliminary injunctive relief pursuant to Rule 65(b) of the Federal Rules of Civil Procedure at any time during the pending action that it becomes necessary to do so.

[2] Sumatriptan is used to treat migraine headaches. *See* https://medlineplus.gov/druginfo/meds/ (last visited March 25, 2019).

[3] Propranolol, sold under the brand name of Inderol, is a medication used to treat migraine headache, high blood pressure, irregular heart rhythms, and certain types of tremors, among other things. *See id.*

67, 82-83, 96). Plaintiff will not agree to do so until he reviews a list of the side effects for these medications, but no list has been provided to him. (*Id.*). He claims that the following individuals have been deliberately indifferent to his chronic migraines: Doctor Trost, Doctor Moldenhauer, Doctor Siddiqui, Doctor Ritz, Nurse Practitioner Lindsay, Warden Lashbrook, and Wexford. (Doc. 11, pp. 11-16).

Based on the allegations in the First Amended Complaint, the Court finds it convenient to designate a single Count:

> **Count 1:** Eighth Amendment claim against Defendants for exhibiting deliberate indifference to Plaintiff's chronic migraine headaches for the past three years at Menard.

**Any other claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[4]

## Discussion

The Eighth Amendment prohibits the cruel and unusual punishment of inmates and imposes an obligation upon prison officials to provide them with adequate medical care for serious medical conditions. *Arnett v. Webster*, 658 F.3d 742, 750 (7th Cir. 2011). An Eighth Amendment claim for the denial of medical care has an objective and a subjective component. The objective component requires an inmate to demonstrate that he suffers from an "objectively, sufficiently serious" medical condition. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). A condition is considered sufficiently serious if failure to treat it could result in the unnecessary and wanton infliction of pain. *See Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). Plaintiff's migraine headaches, which allegedly cause him to

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

suffer unbearable pain for up to three days at a time, satisfy the objective component of this claim at screening. *Edens v. Larson*, 110 Fed. Appx. 710, 714 (7th Cir. 2004) (unpublished) (citing *Look v. Heckler*, 775 F.2d 192, 193 (7th Cir. 1985) (cluster headaches)).

The subjective component requires Plaintiff to demonstrate that each individual defendant responded to his serious medical condition with deliberate indifference. This occurs when an official "know[s] of and disregard[s] an excessive risk to inmate health." *Greeno*, 414 F.3d at 653. The doctrine of *respondeat superior* is inapplicable to § 1983 actions. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Therefore, liability hinges on personal responsibility for the deprivation of a constitutional right. *Id.* at 740 (citation omitted).

Plaintiff's allegations support a deliberate indifference claim against those defendants who are identified in the statement of claim as being involved in denying Plaintiff treatment for his migraines, including Doctor Trost, Doctor Moldenhauer, Doctor Siddiqui, Doctor Ritz, Nurse Practitioner Lindsay, and Warden Lashbrook. (Doc. 11, pp. 15-16). The allegations also support a claim against Wexford, the private medical corporation that conditioned Plaintiff's referral to a specialist on his 3-month trial of medication recommended by the collegial review board without information regarding any side effects. *Shields v. Illinois Dept. of Corr.*, 746 F.3d 782 (7th Cir. 2014) (private medical corporation may exhibit deliberate indifference through an unconstitutional policy or practice that causes a constitutional deprivation to occur).

However, Count 1 will be dismissed against the remaining defendants because they are not mentioned in Plaintiff's statement of claim. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Rather, Plaintiff must set forth basic allegations describing what each individual did, or failed to do, to violate his constitutional rights. *See* FED. R. CIV. P. 8. Plaintiff has not done so.

Although several defendants are listed in the 140-plus pages of exhibits, Plaintiff offers no insight into what role, if any, each individual played in the denial of his medical care for migraines. Accordingly, the following defendants will be dismissed from this action without prejudice because the First Amended Complaint fails to state a claim against them: Kimberly Butler, John Baldwin, Anthony Wills, Doug Lyerla, M. Price, H. Price, Kelly Pierce, Larissa Wandro, Lori Oakley, Gail Walls, Angela Crain, Skidomore, or Sherry Benton.

## Pending Motion

Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED** without prejudice. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (articulating test for recruiting counsel). Plaintiff has not demonstrated reasonable efforts to locate counsel on his own. He indicated that letters to attorneys and their responses will be provided, but the Court has not received copies of letters or responses to date. Plaintiff has also demonstrated an ability to prepare a coherent Complaint that involves a single, straightforward claim. Other than migraines, he points to incarceration and a lack of legal training as the only impediments to self-representation. Plaintiff does not indicate how often he suffers from migraines and, absent any indication of their frequency, has not demonstrated that his migraines prevent him from proceeding unrepresented at this time. The other impediments, standing alone, offer insufficient grounds for recruiting counsel.

## Disposition

**IT IS ORDERED** that the First Amended Complaint (Doc. 11) survives screening under 28 U.S.C. § 1915A. **COUNT 1** will proceed against Defendants **LASHBROOK, TROST, MOLDENHAUER, SIDDIQUI, RITZ, LINDSAY,** and **WEXFORD HEALTH SOURCE, INC.** However, **COUNT 1** is **DISMISSED** without prejudice for failure to state a claim against Defendants **BUTLER, BALDWIN, WILLS, LYERLA, M. PRICE, H. PRICE, PIERCE, WANDRO, OAKLEY, WALLS, CRAIN, SKIDOMORE,** and **BENTON**, and the Clerk is

**DIRECTED** to **TERMINATE** these individuals as defendants in CM/ECF.

The Clerk of Court is **DIRECTED** to **ADD** the **WARDEN OF MENARD CORRECTIONAL CENTER** (official capacity only) based on the request for injunctive relief. *See* FED. R. CIV. P. 17(d), 21; *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendants **WARDEN OF MENARD CORRECTIONAL CENTER (official capacity only), JACQUELINE LASHBROOK, J. TROST, M. MOLDENHAUER, SIDDIQUI, RITZ, LINDSAY,** and **WEXFORD HEALTH SOURCE, INC.**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the First Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, his or her last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the First Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

**IT IS ORDERED** that this entire matter be **REFERRED** to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), should all the parties consent to such a referral.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, even though his *in forma pauperis* application was granted. 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  April 2, 2019**

s/ STACI M. YANDLE
**STACI M. YANDLE**
**United States District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**