IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURENCE LOVEJOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-CV-00016-SMY |
| | ) |
| JACQUELINE LASHBROOK, | ) |
| CHRISTINE LINDSAY, | ) |
| JOHN TROST, M.D., | ) |
| MOHAMMED SIDDIQUI, M.D., | ) |
| STEPHEN RITZ, M.D., | ) |
| WEXFORD HEALTH SOURCES, INC., | ) |
| MICHAEL MOLDENHAUER, and | ) |
| FRANK LAWRENCE,[1] | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Laurence Lovejoy filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983 claiming Defendants exhibited deliberate indifference to his serious medical needs while he was incarcerated at Menard Correctional Center ("Menard"). This matter is now before the Court for consideration of motions for summary judgment on the issue of exhaustion of administrative remedies filed by Defendants Wexford Health Sources, Inc., John Trost, M.D., Stephen Ritz, M.D., Christine Lindsay, Jacqueline Lashbrook, and Frank Lawrence (Docs. 46 and 51).

### Background

Plaintiff makes the following allegations in the First Amended Complaint: Plaintiff suffers from debilitating migraine headaches. The pain is so intense that Plaintiff is unable to

---

[1] The Clerk of Court is **DIRECTED** to correct the docket sheet to reflect the complete and correct spellings of Defendants' names. *(See* Docs. 30, 31, 32, 33, 34, and 35).

read, write, or leave his cell to eat for several days at a time when the migraines occur. Menard's medical staff has treated his migraines with Ibuprofen for three years. Plaintiff has repeatedly complained that ibuprofen is ineffective and has requested Tylenol-3 and a referral to a specialist instead. Dr. Siddiqui, Dr. Ritz, and Wexford will not consider his request until he completes a 3-month trial of Sumatriptan, Inderol, or another medication recommended by the collegial review board. Plaintiff will not agree to do so until he reviews a list of the side effects for these medications, but no list has been provided to him. Dr. Trost, Dr. Siddiqui, Dr. Ritz, Moldenhauer, Lindsay, Warden Lashbrook, and Wexford have been deliberately indifferent to his chronic migraines.

Following a threshold review of his Complaint under 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on the following claim:

> Count 1: Eighth Amendment claim against Defendants [Lashbrook, Lindsay, Trost, Siddiqui, Ritz, Wexford, and Moldenhauer] for exhibiting deliberate indifference to Plaintiff's chronic migraine headaches for the past three years at Menard.

Additionally, Frank Lawrence, in his official capacity as the Warden of Menard Correctional Center, was added as a defendant for Plaintiff's claim for injunctive relief.

Defendants Wexford, Dr. Trost, Dr. Ritz, Lindsay Lashbrook, and Lawrence contend Plaintiff failed to exhaust his administrative remedies prior to filing suit. Defendants filed Rule 56 Notices informing Plaintiff of his obligation to file a response to their motions within thirty days and advising him of the perils of failing to respond. (Docs. 48 and 53). Plaintiff was granted numerous extensions of time to file responses but failed to do so. (See, Docs. 58, 60, and 62).

## Discussion

Summary judgment is proper if there is no genuine issue as to any material fact and the

movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once a properly supported motion for summary judgment is made, the adverse party must set forth specific facts showing there is a genuine issue. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

Under Federal Rule of Civil Procedure 56(e), "[i]f a party fails ... to properly address another party's assertion of fact" the Court may "consider the fact undisputed for purposes of the motion." Relatedly, under Local Rule 7.1(c), a party's "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." Consistent with these Rules, the Court deems the facts asserted in Defendants' motions undisputed and Plaintiff's failure to respond as an admission of the merits of Defendants' motions. *See Smith v. Lamz*, 321 F.3d 680, 683 (7th Cir. 2003); *Flynn v. Sandahl*, 58 F.3d 283, 288 (7th Cir. 1995) (noting that a failure to respond constitutes an admission that there are no undisputed material facts).

Pursuant to the Prison Litigation Reform Act, a prisoner may not bring a lawsuit about prison conditions unless and until he has exhausted all available administrative remedies. 42 U.S.C. § 1997e(a); *Pavey*, 663 F.3d at 903. "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002). The Seventh Circuit requires strict adherence to the exhaustion requirement, *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

Because there are no disputed facts and Plaintiff conceded the merits of the motions by failing to file a response, the Court finds that Plaintiff failed to exhaust his administrative remedies as to Defendants Wexford Health Sources, Inc., John Trost, M.D., Stephen Ritz, M.D., Christine Lindsay, and Jacqueline Lashbrook. To the extent Defendant Frank Lawrence's motions seeks dismissal for failure to exhaust administrative remedies, it is denied because there is no claim against him in his individual capacity – Lawrence is in the case solely in his official capacity as the Warden of Menard Correctional Center for purposes of Plaintiff's claim for injunctive relief. However, Lawrence will be dismissed because Plaintiff is no longer incarcerated at Menard Correctional Center where the events giving rise to this action occurred and, any request for injunctive relief is, therefore, moot. *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004) ("[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot.").

## Conclusion

For the foregoing reasons, the Motion for Summary Judgment filed by Defendants Wexford Health Sources, Inc., John Trost, M.D., Stephen Ritz, M.D., and Christine Lindsay (Doc. 46) is **GRANTED**; the Motion for Summary Judgment on the Issue of Exhaustion filed by Defendants Jacqueline Lashbrook and Frank Lawrence (Doc. 51) is **GRANTED** as to Defendant Lashbrook and **DENIED** as to Defendant Lawrence; and Plaintiff's claims against Defendants Wexford Health Sources, Inc., John Trost, M.D., Stephen Ritz, M.D., Christine Lindsay, and Jacqueline Lashbrook are **DISMISSED** without prejudice for failure to exhaust administrative remedies. Plaintiff's injunctive relief claim is **DISMISSED as MOOT** and Defendant Frank Lawrence is **DISMISSED** without prejudice.

The Clerk of Court is **DIRECTED** to **TERMINATE** Wexford Health Sources, Inc., John Trost, M.D., Stephen Ritz, M.D., Christine Lindsay, Jacqueline Lashbrook, and Frank Lawrence as parties and **ENTER JUDGMENT** accordingly at the close of the case.

The following claim remains:

Count 1: Eighth Amendment claim against Defendants Dr. Siddiqui and Moldenhauer for exhibiting deliberate indifference to Plaintiff's chronic migraine headaches for the past three years at Menard.

**IT IS SO ORDERED.**

**DATED: October 13, 2020**

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**