IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURENCE LOVEJOY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:19-cv-00016-SMY |
| | ) |
| DR. MOHAMMED SIDDIQUI, and | ) |
| MICHAEL MOLDENHAUER, | ) |
| | ) |
| Defendants. | ) |

# ORDER

This matter is before the Court on Defendants' Motions for Sanctions (Doc. 97) moving for dismissal under Federal Rules of Civil Procedure 37 and 41(b) (Doc. 97). The Court conducted a hearing on the motion on September 29, 2021 (Doc. 116). For the following reasons and those stated on the record during the hearing, Defendants' motion is **GRANTED**.

## Background

Plaintiff Laurence Lovejoy, an inmate of the Illinois Department of Corrections filed the instant lawsuit on January 4, 2019 pursuant to 42 U.S.C. § 1983. He asserts an Eighth Amendment claim against Defendants for allegedly exhibiting deliberate indifference to his chronic migraine headaches (Doc. 1). Lovejoy subsequently filed a "Notice" claiming prison officials confiscated his legal materials on June 11, 2019 when he was transferred to another prison facility (Doc. 42). At his request, the Court sent him copies of his Complaint and the Court's Merit Review Order on July 18, 2019 (Doc. 44).

Under the Initial Scheduling and Discovery Order, Defendants were ordered to produce to Lovejoy copies of the following documents and information related to his allegations by July 25, 2019: incident reports, grievances, grievance logs, counselor's notes, disciplinary tickets,

cumulative counseling summary, reports and/or statements of persons with knowledge, names of persons with knowledge of the incidents and a short description of the subject of their knowledge to the extent the information was not otherwise included in documents produced, and copies of relevant medical records (Doc. 37, p. 2). Any further discovery on the merits was stayed at that time until the issue of exhaustion of administrative remedies was resolved (*Id.*, p. 5). The stay on merits discovery was lifted in a Scheduling and Discovery Order entered on October 13, 2020 (Doc. 84).

On February 19, 2021, Defendants filed a Motion to Compel seeking an Order compelling Lovejoy to respond to Interrogatories and Requests for Production of Documents served on December 22, 2020 (Doc. 94). Lovejoy did not file a response to the motion; it was granted on March 30, 2021 and Lovejoy was ordered to respond to the discovery requests within 14 days (Doc. 95). Lovejoy was specifically warned that failure to respond to the discovery as ordered could result in sanctions, including dismissal (*Id.*). Instead of responding to the discovery, Lovejoy filed a motion to compel prison officials to return his confiscated legal materials (Doc. 96), which was denied as outside the scope of the Complaint in this case (Doc. 99).

As a result of Lovejoy's continuing failure to adequately respond to the initial written discovery requests, Defendants filed the instant Motion for Sanctions on April 28, 2021 (Doc. 97). Lovejoy did not file a response to the motion. Nevertheless, the Court gave Lovejoy another opportunity to provide the requested discovery – Lovejoy was ordered to provide *relevant and complete responses* to the discovery on or before July 7, 2021 (Doc. 100). The Court directed Defendants to file a notice within 45 days stating whether Lovejoy provided the requested discovery. Once again, Lovejoy violated the Court's Order and instead, filed a motion requesting a hearing regarding the alleged confiscated legal materials (Doc. 101). His motion was denied

(Doc. 103). Thereafter, Lovejoy filed a motion seeking reconsideration of his request for a hearing and sought recusal of the undersigned (Doc. 105). That motion was denied on July 8, 2021 (Doc. 106).

Defendants notified the Court on July 13, 2021 that Lovejoy had not complied with the Court's June 7, 2021 Order and requested dismissal as a sanction under Rules 37 and 41(b) (Doc. 107). In response, Lovejoy again alleged he did not have a copy of the Complaint or legal materials regarding this case (Doc. 108).

## **Legal Standard**

Federal Rule of Civil Procedure 37 allows a party to move for sanctions where the opposing party fails to make disclosures or to cooperate in discovery. Under Rule 37(a)(4), evasive and incomplete answers are equivalent to no answer, and are tantamount to a failure to comply with court-ordered discovery. *Ramirez v. T & H Lemont, Inc.*, 845 F. 3d 772, 775-776 (7th Cir. 2016). Rule 37(b)(2)(A) provides for the following sanctions for not obeying a discovery order:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vi) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Additionally, Rule 41(b) provides "[i]f the plaintiff fails to prosecute or to comply with these rules

or a court order, a defendant move may to dismiss the action or any claim against it."

District courts have inherent authority to manage judicial proceedings and to regulate the conduct of those appearing before them. *Ramirez v. T & H Lemont, Inc.*, 845 F. 3d at 776. "Pursuant to that authority, [the Court] may impose appropriate sanctions to penalize and discourage misconduct." *Id*. Sanctions are warranted if a party "has willfully abused the judicial process, or otherwise conducted litigation in bad faith." *Secrease v. W. & S. Life Ins. Co.,* 800 F. 3d 397, 401 (7th Cir. 2015). Courts may exercise this authority "not merely to remedy prejudice to a party, but also to reprimand the offender and to deter future parties from trampling upon the integrity of the court." *Salmeron v. Enterprise Recovery Sys., Inc.*, 579 F.3d 787, 797 (7th Cir. 2009). That said, such authority "should be used only when there is a record of delay [or] contumacious conduct... In deciding what measure of sanctions to impose, the district court should consider the egregiousness of the conduct in question in relation to all aspects of the judicial process." *Greviskes v. Universities Research Ass'n*, 417 F.3d 752, 759 (7th Cir. 2005) (citation and quotation marks omitted). The guiding principle is that a sanction must be proportional to the abusive conduct. *See Allen v. Chicago Transit Auth.*, 317 F.3d 696, 703 (7th Cir. 2003); *Johnson v. Chi. Bd. of Educ.*, 718 F.3d 731, 732–33 (7th Cir. 2013); *Langley by Langley v. Union Elec. Co.*, 107 F.3d 510, 515 (7th Cir. 1997). Thus, before choosing dismissal as a sanction for discovery violations, the Court must find that "the responsible party acted or failed to act with a degree of culpability that exceeds simple inadvertence or mistake." *Ramirez*, 845 F.3d at 776.

"Although dismissal is indeed a hefty sanction, 'the most severe in the spectrum of sanctions provided by statute or rule must be available ... to penalize those whose conduct must be deemed to warrant such a sanction....*" *Greviskes*, 417 F.3d at 759 (internal citation omitted). Dismissal is particularly appropriate where a litigant is proceeding in forma pauperis since

4

imposing a fine is meaningless against an indigent party. *Ayoubi v. Dart*, 640 F. App'x. 524, 529 (7th Cir. 2016).

## **Discussion**

As an initial matter, during the hearing on the motion for sanctions, Lovejoy renewed his request for a hearing on the issue of the confiscation of his legal materials and his request for recruited counsel. Lovejoy clearly has access to documents that would allow him to make some effort to answer the discovery submitted to him. The Court provided him with a copy of his Complaint after the alleged confiscation date and Defendants provided him with initial disclosures, including grievance documents and medical records. And, according to a Declaration of a librarian at the prison facility where Lovejoy is currently incarcerated, he has access to eight boxes of documents.

Additionally, in SDIL case no. 19-cv-00021-SMY, despite the same allegation that legal materials were confiscated, Lovejoy filed a vast number of documents including grievances, letters, medical records, and affidavits related to his claim for the denial of treatment of his chronic migraines in response to the Defendant's motion for summary judgment on exhaustion.[1] The Court pointed this out in its June 7, 2021 Order denying Lovejoy's motion to compel against Menard officials, but Lovejoy has yet to acknowledge or address it. During his testimony on the motion, he continued to state he did not have a copy of the original Complaint despite the docket entries to the contrary. In short, Lovejoy is just not credible, and it is clear that he has not acted in good faith.

---

[1] In addition to the documents filed by Defendant, Lovejoy filed a 207-page document on November 22, 2019 in response to the motion that contains grievances and letters detailing the alleged deficient care for his chronic migraines. *See* SDIL case no. 19-cv-00021, Doc. 40. The document also includes memos from the HCU in response to Lovejoy's grievances that provide detail as to Lovejoy's medical treatment for his chronic migraines. Lovejoy also filed a Motion to Include Exhibits into Evidence in this case and 19-21 following the Pavey hearing in 19-21. *Id.*, Docs. 55, 58, 62, 63. There are 36 pages of grievances, grievance responses, letters, and Affidavits. *Id.*

The Court previously denied Lovejoy's requests for recruitment of counsel because he had not submitted proof of reasonable attempts to secure counsel on his own (Docs. 12, 86, 88, 90, 93, 99). Despite having been advised seven times that he is required to make a reasonable attempt to secure counsel on his own and provide proof of same, he still has not done so (Doc. 104). Additionally, the Court finds that Lovejoy is competent to litigate his claims without representation. He has demonstrated an ability to articulate clearly and effectively on his own behalf. He is an experienced litigator having filed four cases in this district and, according to information on PACER, several cases in the Central and Northern Districts of Illinois. He has shown that he is capable of comprehending and navigating the litigation process, although he has chosen not to cooperate in discovery. Therefore, after consideration of the *Pruitt* factors, Lovejoy's renewed request for recruited counsel is denied. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007).

Once a plaintiff invokes the judicial system by filing a lawsuit, he must abide by the Federal Rules of Civil Procedure and the Court's Orders. Lovejoy's failure to do so since December 2020 has unduly prejudiced Defendants' ability to defend themselves against Lovejoy's claims. Lovejoy has answered only 4 Interrogatories and 1 Request for Production. He did not provide information for Interrogatories 2 and 6-15 and Requests for Production 1-13 (*See* Docs. 97-1, pp. 1-3; 97-4, pp. 2-14), most of which he could answer without access to his legal materials. Moreover, Lovejoy has made no attempt to provide even partial answers to discovery requests going to the merits of his claims. Lovejoy was warned three times that his failure to respond to the discovery as ordered may result in sanctions, including dismissal (Docs. 95, 100, 103). Nevertheless, he persisted and has left the Court no viable choice.

Accordingly, Defendants' Motion for Sanctions (Doc. 97) is **GRANTED**.  This case is **DISMISSED with prejudice** pursuant to Federal Rules of Civil Procedure 37 and 41(b).  The Clerk of Court is **DIRECTED** to enter judgment and to close this case.

**IT IS SO ORDERED.**

DATED:  September 30, 2021

*s/ Staci M. Yandle*
**STACI M. YANDLE**
**United States District Judge**
